PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TINA MYERS, | ) | |
| | ) | CASE NO. 4:14CV2421 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| MUTUAL OF OMAHA LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** [Resolving ECF Nos. 34 and 37] |

Pending before the Court are Plaintiff's Motion for Attorneys Fees and Rule 60(a) Relief (ECF No. 34) and Motion to Supplement the Record (ECF No. 37).  For the following reasons, Plaintiff's Motion for Attorneys Fees is granted, in part.  Plaintiff's motions for Rule 60 relief and to supplement the record are denied.

**I.  Motion for Attorney's Fees (ECF No. 34)**

A district court may, in its discretion, allow reasonable attorney's fees and costs to either party in an action by an ERISA plan participant.  29 U.S.C. § 1132(g)(1).  "[A] party need not be a typical 'prevailing party' to be eligible for fees but must only achieve 'some degree of success on the merits.'" *Ciaramitaro v. Unum Life Ins. Co. of Am.*, 521 F. App'x 430, 436 (6th Cir. 2013) (citing *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252–53 (2010) ("[A] fee claimant need not be a "prevailing party" to be eligible for an attorney's fees award under § 1132(g)(1).")).  In this case, Plaintiff achieved "some degree success on the merits" when her claim was remanded to the Plan Administrator.  ECF No. 32 at PageID #: 1208.

(4:14CV2421)

In determining whether attorney's fees are appropriate, the Sixth Circuit has instructed courts to consider five factors: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions. *Moon v. Unum Provident Corp.*, 461 F.3d 639, 642–43 (6th Cir. 2006).  "No single factor is determinative, and thus, the district court must consider each factor before exercising its discretion."  *Id.* at 643 (citing *Schwartz v. Gregori*, 160 F.3d 1116, 1119 (6th Cir. 1998)).  In the Sixth Circuit, there is no presumption in favor of awarding attorney's fees in ERISA cases.  *Id.* (citing *Maurer v. Joy Tech., Inc.*, 212 F.3d 907, 919 (6th Cir. 2000)).  The Court considers each factor in turn.

**A.  Degree of Culpability**

The Sixth Circuit has found an insurance company's exclusive reliance on an interested, non-treating physician's opinion, ignorance of substantial evidence, findings based on select information in the administrative record, and repeated denial of claims to be evidence of culpability or bad faith.  *See, e.g.*,  *Moon v. Unum Provident Corp.*, 461 F.3d 639 at 643–44 (6th Cir. 2006); *Hoover v. Provident Life & Accident Ins. Co.*, 290 F.3d 801, 809–10 (6th Cir. 2002).

Although the Court did not find evidence of bad faith, the Court's findings reflect Defendant's culpability.  The Court determined that the Plan Administrator acted arbitrarily and capriciously because it failed to explain why it chose to believe interested, non-treating

2

(4:14CV2421)

physicians, rather than accepting Plaintiff's physician's conclusions.[1] ECF No. 32 at PageID #: 1219.  The Court also found that the Plan Administrator selectively relied on Plaintiff's doctor's notes, "quoting language favorable to the non-disability assessment while inadequately explaining its basis for rejecting [the treating physician's] observations favorable to Myers." *Id.* at PageID #: 1217–20; *see also* *Brooking v. Hartford Life & Acc. Ins. Co.*, No. 04-95-KSF, 2007 WL 781333, at *7 (E.D. Ky. Mar. 12, 2007) (interpreting *Moon* to require a finding of culpability when the defendant ignored substantial evidence in the administrative record).  For these reasons, the Court finds that Defendant's culpability weighs in favor of awarding attorney's fees to Plaintiff.

**B.  Ability to Satisfy an Award**

Plaintiff argues that, as a large insurance company doing business nationally, Defendant has the resources to pay Plaintiff's attorney's fees.  ECF No. 34 at PageID #: 1227.  Defendant does not dispute this argument.  *See* ECF No. 35 at PageID #: 1233–38.  The Court finds that this factor weighs in favor of awarding attorney's fees.

---

[1] Now, Defendant argues that its decision was not rendered in bad faith, because its reviewing physician considered the findings of Plaintiff's treating physician.  ECF No. 35 at PageID #: 1233–35.  A reviewing court must evaluate the plan administrator's ultimate *decision* under the "arbitrary and capricious" standard.  *Farhner v. United Transp. Union Discipline Income Prot. Program*, 645 F.3d 338, 342 (6th Cir. 2011); *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 613 (6th Cir. 1998).  Otherwise put, it is not enough that the evidence was in the record—the Court must ask whether the Plaintiff received a full and fair review and a decision that was the result of "a deliberate principled reasoning process."  *Schwalm v. Guardian Life Ins. Co. of Am.*, 626 F.3d 299, 308 (6th Cir. 2010).

(4:14CV2421)

### C. Deterrent Effect

An award of fees may deter plan administrators from "failing to provide the necessary full and fair review."  *See McKay v. Reliance Standard Life Ins. Co.*, 428 F. App'x 537, 545 (6th Cir. 2011).  The Sixth Circuit has noted that deterrence is especially appropriate when a plan administrator "performs a cursory review of a claim for benefits or bases its denial on unreliable medical evidence."  *Shelby County Heath Care Corp. v. Majestic Star Casino*, 581 F.3d 355, 378 (6th Cir. 2009) (citing *Gaeth v. Hartford Life Ins. Co.*, 538 F.3d 524, 531–32 (6th Cir. 2008) ("[B]efore terminating a plan participant's benefits, a plan administrator should ensure that the opinions upon which they rely to make their decisions to terminate are based on a thorough review of the administrative record.").  Furthermore, a court should consider whether the facts are "so unique that they fail to serve any deterrence value to other insurance companies under similar circumstances." *Moon*, 461 F.3d at 645.

 In this case, the Court determined that Defendant did not conduct a thorough review of the record.  ECF No. 32 at PageID #: 1217–20.  Awarding fees would deter future plan administrators from failing to fully and fairly review similar cases.  Although Defendant argues that this is a unique case, and, therefore, would have limited applicability, the Court finds otherwise.  An award of fees would discourage other plan administrators from selectively reviewing the record, ECF No. 32 at PageID #: 1218, or failing to explain their reliance on a non-treating physician's opinion, ECF No. 32 at PageID #: 1219—common issues in ERISA cases.  Accordingly, the Court finds that this factor weighs in favor of Plaintiff.

(4:14CV2421)

### D. Common Benefit

Plaintiff admits that she sought benefits only for herself, but argues that awarding fees would "make[] it less likely that other plan administrators will try this tactic of attrition in unfairly reviewing the evidence." ECF No. 34 at PageID #: 1228–29. She does not argue that she instituted the litigation to resolve significant legal issues. *Id.* Because Plaintiff sought only to benefit herself, and because the case does not involve the resolution of significant ERISA questions, this factor weighs against awarding attorney's fees. *See Moon*, 461 F.3d at 645 (6th Cir. 2006); *Foltice v. Guardsman Prods. Inc.*, 98 F.3d 933, 937 (6th Cir. 1996).

### E. Relative Merits of Parties' Positions

In evaluating the parties' merits, even a prevailing party is not automatically entitled to attorney's fees, "especially [when] the case involved 'closely contested issues.'" *Trs. of Detroit Carpenters Fringe Benefit Funds v. Patrie Constr. Co.*, 618 F. App'x 246, 260 (6th Cir. 2015) (citing *Majestic Star Casino*, 581 F.3d at 378). Instead, the Court must weigh the relative merits of the parties' positions. Courts have considered whether the arguments were brought in bad faith, or if they were "no more devoid of merit than any other losing litigant." *E.g.*, *Majestic Star Casino*, 581 F.3d at 378 (citing *Armistead v. Vernitron Corp.*, 944 F.2d 1287, 1304 (6th Cir. 1991), *abrogated on other grounds by M & G Polymers USA, LLC v. Tackett*, 135 S. Ct. 926 (2015)).

In this case, although the Court remanded the claim to the Plan Administrator, the Court also noted that the record was not indisputably clear, but there was a large amount of evidence that received little attention from the Plan Administrator. ECF No. 32 at PageID #: 1222. Nor is

5

(4:14CV2421)

there evidence that Defendant denied Plaintiff's claim in bad faith.  For these reasons, the Court

finds that this factor weighs against awarding fees.

**F.  Summary**

The Court grants the Motion for Attorney's Fees, in part.  Three of the five factors weigh

in favor of awarding fees.  When compared with Sixth Circuit precedent, there is sufficient

evidence of culpability in Defendant's decision making to warrant fees.  Additionally, it is likely

that an award would deter future non-compliance.

Plaintiff's counsel has submitted a Memorandum, Affidavits, and Documentation in

support of its fees.  ECF No. 41.  Although Plaintiff's counsel provides a list of items billed to

Plaintiff, Plaintiff's counsel does not specify for which of these items it seeks reimbursement.

Nor has Plaintiff's counsel submitted documents demonstrating the prevailing market rate for

similar services in the area.  Plaintiff's counsel's own affidavits that its fees are reasonable does

not suffice.

The Court is, therefore, unable to determine the appropriate amount of fees under the

lodestar method as required.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (courts

multiply the attorney's reasonable hourly rate by the number of reasonable hours worked); *U.S.

Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1193 (6th Cir. 1997) (district courts must

determine whether the hours expended were reasonable and that the hourly rates are customary);

*WHG TM Corp. v. Patel*, No. 5:07CV3087 2008 WL 495794, at *2 (N.D.Ohio Feb. 22, 2008).

Accordingly, within fourteen days of this Order, Plaintiff's counsel shall file with the Court

supplemental materials showing that its requested rates are reasonable for the area.  Plaintiff's

counsel shall also submit a memorandum specifying the total amount of attorneys fees and

(4:14CV2421)

detailing the items for which reimbursement is sought, for the Court's further consideration.

Defendant shall respond in seven days.

## II. Motion for Rule 60 Relief (ECF No. 34)

Plaintiff moves for relief under Fed. R. Civ. P. 60, arguing the Court erred by not placing a time limit on its remand order; failing to determine whether Plaintiff will be entitled to submit new evidence; and not deciding whether Plaintiff will have appellate rights. ECF No. 34 at PageID #: 1230. Plaintiff moves the Court to direct Defendant to pay retroactive benefits as well as monthly disability benefits while the remand is pending. *Id.* Plaintiff also requests 180 days to appeal Defendant's next decision, as well as the right to submit new evidence. *Id.*

Although her Motion is titled "Motion for Rule 60(A) Relief," Plaintiff cites Rule 60(a) and 60(b). *Id.* at PageID #: 1230–31. Regardless of what might be scrivener's error, Plaintiff is not entitled to relief under either prong of Rule 60.

Fed. R. Civ. P. 60(a) permits courts to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Plaintiff asks the Court for an overhaul of its original judgment. This type of relief is not contemplated by Rule 60(a), which only allows courts to fix errors that would not change the nature of the judgment. *See Braun v. Ultimate Jetcharters, LLC*, 828 F.3d 501, 515 (6th Cir. 2016) (citing *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002) ("The basic purpose of the [Rule 60(a)] is to authorize the court to correct errors that are mechanical in nature.")). Therefore, Plaintiff's Motion for Rule 60(a) relief is denied.

Nor can Plaintiff seek relief under Fed. R. Civ. P. 60(b). Rule 60(b) allows a Court to relieve a party from a final judgment for the following reasons: "(1) mistake, inadvertence,

(4:14CV2421)

surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  Plaintiff does not argue that the Rule 60(b) circumstances apply.  Instead, she argues broadly that she is "concerned about a slow or even vindictive approach by Defendant in any review process, attendant with further delay of any benefit resolution."  ECF No. 34 at PageID #: 1229.

In sum, Plaintiff's argument establishes no basis for relief.  Instead, she merely expresses her dissatisfaction with the Court's decision and requests an entirely different judgment.[2] Because Plaintiff offers no reason the Court should alter its judgment, the Court denies the Motion for Rule 60(b) relief.

---

[2]  The Court expressly declined to award retroactive benefits in its Memorandum of Opinion and Order, after having considered its authority to either remand the decision or award benefits retroactively.  ECF No. 32 at PageID #: 1221.  It noted that a court typically only awards benefits retroactively when the plaintiff has clearly established disability under the plan.  Id. (citing Cooper v. Life Ins. Co. of N. Am., 486 F.3d 157, 171 (6th Cir. 2007); Kalish v. Liberty Mut./Liberty Life Assur. Co. of Boston, 419 F.3d 501, 513 (6th Cir. 2005)).  The Court found that the problem was with the plan's decision-making process rather than its conclusion, and remanded the decision.  Id. (citing Elliot v. Metro. Life Ins. Co., 473 F.3d 613, 621 (6th Cir. 2006)).

(4:14CV2421)

### IV.  Motion to Supplement the Record (ECF No. 37)

Plaintiff moves to supplement the record with evidence of her successful claim for Social Security benefits.  ECF No. 37.  Under the arbitrary and capricious standard of review, a court may only consider the evidence that was before the plan administrator at the time it made its decision.  *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 618 (6th Cir. 1998). Furthermore, "[w]hen a claimant fails to submit evidence within the established time frame, the claimant is barred from supplementing the administrative record except in limited circumstances to support a procedural challenge." *Hawkins v. Cmty. Legal Aid Servs., Inc.*, No. 4:13-cv-00729-JRA, 2014 WL 3749412, at *10 (N.D. Ohio July 30, 2014) (citing *Wilkins*, 150 F.3d at 619 (Gilman, J., concurring) (giving examples of a procedural challenge, such as "an alleged lack of due process afforded by the administrator or alleged bias on its part.").

Plaintiff's application for Social Security benefits was approved July 22, 2016—over two years after the Plan Administrator's final decision had been rendered.  ECF No. 37 at PageID #: 1247; *see also* ECF No. 32 at PageID #: 1214–15 (June 12, 2014 letter informing Plaintiff that her appeal was denied).  Plaintiff does not argue that the Social Security decision was part of the evidence considered by the Plan Administrator at the time of its decision.  Nor does Plaintiff submit these documents for the limited purpose of supporting a procedural challenge.  Plaintiff's only argument is that supplementing the record would be "meritorious" because Defendant has not taken any action in this case.  ECF No. 37 at PageID #: 1247.

Because the additional documentary evidence proffered  was not part of the record when the Plan Administrator made its decision, and Plaintiff has not argued that it supports a procedural challenge, the Motion to Supplement is denied.  *See Storms*, 156 F. App'x at 760

(4:14CV2421)

(affirming denial of motion to supplement with documents demonstrating plaintiff was awarded Social Security benefits after the closure of the record); *Hawkins*, 2014 WL 3749412, at *10 (striking Social Security documents created six months after the administrative record closed);

*Blajei v. Sedgwick Claims Mgmt. Servs., Inc.*, 721 F. Supp. 2d 584, 598–99 (E.D. Mich. 2010) (finding Social Security disability benefits award offered to show that defendants erred in denying benefits was not procedural in nature, and striking the evidence).

### IV.  Conclusion

For the foregoing reasons, Plaintiff's Motion for Attorney's Fees is granted, in part. Plaintiff's Motions for Rule 60 relief and to supplement the record are denied.  Not later than fourteen days from the issuance of this Order, Plaintiff's counsel shall file supplemental materials showing that its requested rates are reasonable for the area.  Plaintiff's counsel shall also submit a memorandum specifying the total amount of attorneys fees and detailing those items for which reimbursement is sought.  Defendant shall respond in seven days.


IT IS SO ORDERED.


 March 23, 2017                                  */s/ Benita Y. Pearson*
Date                                                      Benita Y. Pearson
                                                              United States District Judge

10