PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| TINA MYERS, | ) |
|     Plaintiff, | ) CASE NO. 4:14CV2421 |
| v. | ) JUDGE BENITA Y. PEARSON |
| MUTUAL OF OMAHA LIFE INSURANCE COMPANY, | ) |
|     Defendant. | ) **MEMORANDUM OF OPINION AND ORDER** [Resolving ECF Nos. 34, 44] |

Pending before the Court is Plaintiff's request for attorney's fees. As the prevailing party under 29 U.S.C. § 1132(g)(1), Plaintiff seeks $26,623 in attorney's fees. The Court granted Plaintiff's Motion for fees (ECF No. 43), but was unable to calculate the lodestar because Plaintiff had not provided sufficient information to demonstrate that counsel's fees were reasonable. The Court instructed Plaintiff's counsel to file supplemental material. Counsel complied. ECF No. 44. Defendant objects to several aspects of Plaintiff's requested fee award. ECF Nos. 42, 45. For the following reasons, the Court grants the fee award, in part.

## I. Background

Plaintiff Tina Myers commenced this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, against Defendant United of Omaha Life Insurance Company. Plaintiff challenged the Plan Administrator's decision denying her long-term disability benefits. ECF No. 1. The Court denied Defendant's Motion for Judgment

(4:1CV2421)

on the Merits and remanded the matter to the Plan Administrator for a full and fair review. ECF No. 32.

## II. Standard of Review

The Supreme Court has indicated that courts are to calculate attorney fees using the "lodestar" method. *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989); *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) ("*Delaware Valley I*"). Under this methodology, the number of hours reasonably expended by the attorney are multiplied by the attorney's reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Lavin v. Husted*, 764 F.3d 646, 649 (6th Cir. 2014). There is a "strong presumption" that the figure so calculated represents a reasonable fee. *Delaware Valley I*, 478 U.S. at 565. The lodestar, however, must be based on the "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984).

Although the burden of persuasion is on the fee applicant to document the hours and rates in the lodestar amount, *Hensley*, 461 U.S. at 437, the burden of production to challenge the reasonableness of the requested fee is on a party seeking an adjustment of that amount—Defendant in the case at bar, *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3rd Cir. 1990).

## III. Discussion

Defendant does not object to Plaintiff's requested hourly rate, but objects to the reasonableness of the hours expended. In particular, Defendant argues that Plaintiff cannot

2

(4:1CV2421)

receive fees for pre-litigation expenses or time related to the fee request, and that any fee award should be proportionate to Plaintiff's success.

### A. Hourly Rate

Attorney fees are generally "calculated according to the prevailing market rates in the relevant community." *Binta B. ex rel. S.A. v. Gordon*, 710 F.3d 609, 627 (6th Cir. 2013). The "prevailing market" is the "venue of the court of record"—in this instance, Northeast Ohio. *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 618 (6th Cir. 2007); *see also Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) (relevant community is the legal community within the court's territorial jurisdiction).

Attorney Andrew L. Margolius claims a $400 hourly rate. Attorney Emily E. Gilbert claims a $300 hourly rate. In support of their request, Plaintiff's counsel submits their own declarations and resumes. ECF No. 41-2 at PageID #: 1275–77 (Declaration and Resume of Attorney Margolius) and *id.* at PageID #: 1278–80 (Declaration of Attorney Gilbert). Plaintiff's counsel also submits examples of other cases in which similar fees have been approved. ECF No. 44 at PageID #: 1297–1300 (citing *Rui He v. Rom*, No. 1:15-CV-1869, 2017 WL 1054814 (N.D. Ohio Mar. 21, 2017) (approving counsels' $395 and $350 hourly rates requested for work performed in a case concerning violations of the Ohio Deceptive Trade Practices Act) and *Mosely v. City of Wickliffe*, No. 1:14-cv-934 (N.D. Ohio Feb. 7, 2017) (approving a $300 hourly rate for work completed in a Section 1983 suit). Additionally, Plaintiff's counsel has provided affidavits from attorneys in the Cleveland area opining that Plaintiff's rates are reasonable. ECF No. 44-3 (Declaration of Attorney Subodh Chandra); ECF No. 44-4 (Declaration of Attorney

3

(4:1CV2421)

Robert Armand Perez, Sr.). As evidence of the fees' reasonableness, Attorney Perez cited an ERISA case in which his own $400 hourly fee was approved. ECF No. 44-4 at PageID #: 1327 (citing *Zuke v. Am. Airlines, Inc. Long Term Disability Plan*, No. 1:13-cv-403 (S.D. Ohio Mar. 31, 2017)). Attorney Subodh Chandra compared Plaintiff's counsels fees to other "fee-shifting, civil-rights practitioners" within the region, noting that Plaintiff's counsel's fees are often lower than other attorneys' fees. ECF No. 44-3 at PageID #: 1315–16. Furthermore, Defendant does not dispute the requested rates. ECF No. 42 at PageID #: 1281.

Because Plaintiff's counsel has demonstrated that the requested rates are fair, and typical of those in the area, the Court finds that the requested hourly rates are also reasonable.

### B. Reasonableness of Number of Hours Expended

In support of their request that Plaintiff's counsel be compensated for a total of 69.13 hours—Attorney Gilbert and Attorney Margolius performing 10.29 hours and 58.84 hours, respectively—counsel submitted itemized time and expense records for both attorneys. *See* ECF No. 41-1 at PageID #: 1271–73 and ECF No. 44-1 at PageID #: 1303 (Attorney Margolius); ECF No. 41-1 at PageID #: 1274 and ECF No. 44-1 at PageID #: 1303 (Attorney Gilbert). Defendant argues that Plaintiff's request for pre-litigation expenses is unreasonable; that the fees are excessive because they include a disproportionate amount of time spent working on attorney's fees; and that the fees should be proportional to the parties' success.

4

(4:1CV2421)

### i. Pre-Litigation Fees and Expenses

Defendant objects to Plaintiff's request for pre-litigation fees and expenses. ECF No. 45 at PageID #: 1330.[1] Generally, ERISA does not permit an award of attorneys' fees for legal services performed during the administrative stage of a benefits proceeding. *Anderson v. Procter & Gamble Co.*, 220 F.3d 449, 453 (6th Cir. 2000). Although other courts, such as the Ninth Circuit, have held that no fees can be recovered prior to the filing of a complaint, the Sixth Circuit has not established such a bright-line rule. *Anderson* makes clear, however, that a party that prevails at the administrative stage cannot bring a subsequent federal suit under 29 U.S.C. § 1132(g)(1) to recover those administrative fees.

*Anderson* is distinguishable from this case because there was no federal appeal of the administrative decision, but other courts have extended this principle to suits in which the plaintiff brings a federal appeal. Although fees accrued during the federal suit are recoverable, those incurred during the administrative suit are not recoverable. *E.g. Mikolajczyk v. Broadspire Svcs, Inc.*, 499 F. Supp. 2d 958, 965 (N.D. Ohio 2007); *Plummer v. Hartford Life Ins. Co.*, No. C-3-06-094, 2007 WL 838926, at *3–4 (S.D. Ohio, Mar. 15, 2007) (discussing *Anderson*'s history, and disallowing the recovery of administrative-related fees, but permitting fees for work performed during the federal suit).

---

[1] Defendant does not specify which items it challenges, and argues vaguely that 6.15 hours of work performed are not eligible for recovery. More than 6.15 hours of work were performed prior to the filing of the Complaint. Presumably, Defendant intends to challenge the first 6.15 hours of work performed, and does not challenge the June 9, 2015 entry by Attorney Gilbert in which she spent 1.5 hours reviewing and revising Plaintiff's Complaint.

(4:1CV2421)

Defendant denied Plaintiff's claim for benefits on October 28, 2013. ECF No. 31, ¶ 37. Plaintiff appealed, and after reviewing her case, by letter dated June 12, 2014, Defendant informed Plaintiff that it was upholding its decision to deny benefits. *Id.* at ¶ 45. The Court finds that the work performed prior to Defendant's letter denying benefits is related to the administrative case, and not recoverable. Additionally, Attorney Gilbert's time spent on June 19, 2017 and July 7, 2014 is also related to the administrative matter. If Plaintiff had never filed the federal claim, she would not have been able to recover those fees, and is not permitted to do so now. *See Mikolajczyk v. Broadspire Svcs, Inc.*, 499 F. Supp. 2d 958, 965 (N.D. Ohio 2007) (denying fees for time "relating to the administrative process," but permitting fees related to the administrative record after the suit was filed). Accordingly, the challenged matters performed by Attorney Gilbert are not recoverable, and the fee award is reduced by 6.15 hours of Attorney Gilbert's time. ECF No. 41-1 at PageID #: 1274.

Although Defendant does not challenge the time Attorney Margolius spent on administrative matters, his fees must also be reduced. On September 5, 2014, Attorney Margolius spent 1.25 hours meeting with a law clerk, redrafting an ERISA memo on the client, and reviewing administrative details. *Id.* at PageID #: 1271. He also spent .33 hours discussing the difference between administrative and court claims with his client on September 23, 2014. *Id*. Although the timekeeping descriptions are sparse, they indicate that this work was done in relation to Plaintiff's administrative claim, and not her federal claim. For the same reasons Attorney Gilbert's fees must be reduced, the Court reduces Attorney Margolius' fees.

(4:1CV2421)

Therefore, Plaintiff's counsel may not recover the 6.15 hours Attorney Gilbert spent working on claims related to administrative matters, and 1.58 hours Attorney Margolius spent working on the administrative claim.

### ii. Time Related to Fees

Defendant also argues that any time related to the pursuit of attorney's fees should not be recoverable. ECF No. 45 at PageID #: 1330. At one time, the Sixth Circuit held that, generally, the hours allowed for preparing attorney fee matters should not exceed 3% of the hours in the main case. *Coulter v. State of Tenn.*, 805 F.2d 146, 151 (6th Cir. 1986). The Sixth Circuit has since recognized *Coulter*'s abrogation in *N.E. Ohio Coalition for the Homeless v. Husted*, 831 F.3d 686, 693 (6th Cir. 2016), as *Coulter*'s 3% cap is inconsistent with *Commissioner, I.N.S. v. Jean*, 496 U.S. 154 (1990). Courts in the Sixth Circuit have since awarded fees in ERISA cases exceeding the 3% cap when warranted. *E.g.*, *Flack v. Knox Cty., Tenn.*, 3:15CV522, 2017 WL 627460 (E.D. Tenn. Jan. 24, 2017); *Mendez v. FedEx Express*, No. 15CV12301, 2017 WL 168168 (E.D. Mich. Jan. 17, 2017).

Attorney Margolious has billed 58.84 hours total (reduced to 57.26 as discussed above). Attorney Margolious billed 13.12 hours of time to fee-request-related matters. ECF No. 41-1 at PageID #: 1272–73 (billing entries on April 3, 2016; April 6, 2016; January 25, 2017; January 26, 2017; January 27, 2017; January 28, 2017); ECF No. 44-1 at PageID #: 1303–04 (all billing entries filed as "Supplemental Time Records). He has spent more than 20% of his time working on the fees matter. Attorney Gilbert performed 4.14 hours of work on this matter, when reduced

7

(4:1CV2421)

as discussed above, of which 2.74 hours have been related to attorneys' fees—66% of her total time.

Although the 3% cap no longer exists, the Court reduces the fee award and finds that Plaintiff cannot recover those fees incurred in response to the Court's Order that parties submit evidence that their fees are reasonable, in compliance with *Hensley v. Eckerhart*. It was Plaintiff's counsel's error that it did not submit a fully developed brief when first permitted to do so. Many of the questioned tasks are duplicative of those completed in the initial fee application, or, at least, could have been done more efficiently if they had been completed all at once.

For these reasons, the Court reduces Attorney Margolius' time by 5.83 hours, and Attorney Gilbert's time by 1.99 hours. ECF No. 44-1 at PageID #: 1303–04.

### iii. Fee Related to Success

Defendant argues that any fee award should be "commensurate with Plaintiff's success on the merits." ECF No. 45 at PageID #: 1330–31. Defendant contends that, because a remand was ordered, rather than an award of disability, it is possible that it will still prevail on the merits. *Id.* at PageID #: 1331.

Defendant offers no principled way in which the Court could reduce the fees, other than to say that the Court "can award 100% of the fees requested by Plaintiff or a significantly lower amount," and arguing that Plaintiff's fee award should be "proportionate to Plaintiff's degree of success." Even if there were some way to convert a "remand" into a percentage by which the Court could calculate the proportionality of Plaintiff's success, Defendant misses the point.

(4:1CV2421)

ERISA permits the award of fees to a party achieving "some degree of success on the merits." *Ciaramitaro v. Unum Life Ins. Co. of Am.*, 521 F. App'x 430, 436 (6th Cir. 2013) (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253–53 (2010) And explaining its relaxed threshold for eligibility for attorney's fees.). A remand in the case at bar is achievement of "some degree of success on the merits."

Accordingly, the Court finds that Defendant's argument is without merit.

### C. Lodestar Calculation

Taking into account the above changes, the adjusted lodestar is:

Attorney Margolius: 58.84 total hours - 1.58 (pre-litigation fees) - 5.83 (fee related work) = 51.43 x $400/hour = $20,572.00

Attorney Gilbert: 10.29 total hours - 6.15 (pre-litigation fees) - 1.99 (fee related work) = 2.15 hours x $300 = $645.00

In total, Plaintiff have incurred $21,217.00 in reasonable fees

### VI. Conclusion

Finding that Plaintiff is entitled to attorney's fees and costs, the Court grants Plaintiff's Motion for Attorney's Fees, in part, in the amount of $21,217.00.

IT IS SO ORDERED.

| August 23, 2017 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |